UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

IN RE:

| | |
|---|---|
| Letter of Request from | ) |
| United Kingdom for Assistance | ) |
| in the Criminal Matter of | ) |
| JOHN LAFERTY | ) |
| | ) |

MEMORANDUM OF LAW IN SUPPORT OF APPLICATION
FOR ORDER PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3512

      This memorandum is submitted in support of the application of the United States for an order requiring persons within the jurisdiction of this Court to provide testimony and evidence requested by the United Kingdom for use in a criminal proceeding in Scotland and appointing a commissioner to collect it. The application is based upon a letter of request from the Honourable Lord Turnbull of the High Court of Justiciary in Scotland, United Kingdom.

      As set forth in the letter of request, the High Court of the Justiciary has asked U.S. authorities to facilitate the giving of testimony by Nick Tuma through a video link at the trial of John Laferty, charged by Indictment with attempted murder and carrying a prohibited offensive weapon. The trial is tentatively scheduled to begin on April 20, 2020, but the fixed day for testimony has not yet been arranged. Mr. Tuma is a fact witness to the charged offenses, and according to police reports came into contact with Laferty immediately following the charged offenses, heard Laferty make an inculpatory statement about the charged offenses, and saw the knife that forms the basis of both charges. Mr. Tuma now lives in Houghton, Michigan. Based on the information provided by UK authorities, the witness is willing to testify.

      Federal courts, pursuant to statutory and their inherent authority, may issue orders as may

1

be necessary for the production of the evidence requested by the High Court of Justiciary in Scotland and the United Kingdom, including orders appointing a person as commissioner to gather such evidence and establishing the procedures for the production of such evidence.

A.	Statutory Authority Grounding Execution of Requests for Assistance

In the past, federal courts routinely utilized procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests for assistance from foreign authorities. *In re Commissioner's Subpoenas*, 325 F.3d 1287, 1305-1306 (11th Cir. 2003). Substantive U.S. law regarding searches, seizures and other compulsory processes further grounded the execution of such requests.

On October 19, 2009, the President signed the Foreign Evidence Request Efficiency Act of 2009 (Public Law 111-79), enacting 18 U.S.C. § 3512, the full text of which is attached for the convenience of this Court at Enclosure C. Section 3512 explicitly authorizes a federal court to:

> issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

Section 3512 directly empowers the federal courts to execute such requests and separately codifies under Title 18 the longstanding practice and procedures employed by the United States and the federal courts to execute requests by foreign authorities for assistance to the fullest extent possible under U.S. law. Congress enacted Section 3512 to make it "easier for the United States to respond to these requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 CONG. REC. S6,810 (2009) (Statement of Sen. Whitehouse).

B.   Execution of Foreign Requests for Assistance Under Section 3512

1.   Authorization of the Application to This Court

Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation and prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing and restitution.

For purposes of Section 3512, an application is "duly authorized by an appropriate official of the Department of Justice" when the Department of Justice, Criminal Division, Office of International Affairs, has reviewed and authorized the request and is executing the request itself or has delegated the execution to another attorney for the government. In this matter, such authorization and delegation is evidenced by a letter dated 11 December 2019 from the Department of Justice, Criminal Division, Office of International Affairs, received by the United States Attorney, transmitting the Request to this district for execution. *See* Enclosure A.

Section 3512 authorizes filing the instant application in the district where the majority of the evidence is located – in this case, where the fact witness Mr. Nick Tuma now resides in the Western District of Michigan.

2.   Foreign Authority Seeking Assistance Within Section 3512.

As to the "foreign authority" making the Request, Section 3512 provides:

> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

In this matter the requesting court is The Honourable Lord Turnbull, High Court of Justiciary, Scotland, United Kingdom. *See* Enclosure B.

Historically, foreign requests for judicial assistance may be made by a foreign court or tribunal, including an investigating magistrate or *juge d'instruction*. *In re Letter of Request from the Government of France*, 139 F.R.D. 588, 590-591 (S.D.N.Y. 1991); *In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti*, 669 F. Supp. 403, 405-406 (S.D. Fla. 1987). The language of Section 3512 clearly encompasses those entities and persons within the meaning of "foreign authority" as well as those persons traditionally deemed an "interested person," such as a foreign public prosecutor. *In re Letters Rogatory from the Tokyo District Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1019 (9th Cir. 1994); *In re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 690 (D.C. Cir. 1989); *In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago*, 648 F. Supp. 464, 466 (S.D. Fla. 1986), *aff'd*, 848 F.2d 1151, 1154 (11th Cir. 1988), *cert. denied*, 488 U.S. 1005 (1989).

As evidenced by the Request itself and confirmed in the authorization process and again by the undersigned, consistent with Section 3512(a)(1), the foreign authority seeks assistance in the investigation or prosecution of criminal offenses or in proceedings related to the prosecution of criminal offenses – specifically the criminal trial of John Laferty for attempted murder and carrying a prohibited offensive weapon.

    3.    <u>Authority of the Federal Courts Under Section 3512</u>

When enacting Section 3512, Congress intended that federal courts facilitate to the fullest extent possible the execution of requests by foreign authorities for assistance in criminal matters and endeavored to streamline and expedite the execution of such requests. Section 3512 authorizes federal courts to issue "such orders as may be necessary to execute a request" and specifically includes: orders for search warrants pursuant to Federal Rule of Criminal Procedure

41; orders for stored wire or electronic communications and related evidence under 18 U.S.C. § 2703; orders for pen registers and trap and trace devices under 18 U.S.C. § 3123; orders for the provision of testimony or a statement or the production of documents or other things, or both; and orders appointing "a person" to direct the taking of testimony or statements or the production of documents or other things, or both.  18 U.S.C. § 3512(a)(1), (2).

The assistance requested by the High Court of Justiciary in Scotland in the instant Request falls squarely within that contemplated by Section 3512 – to aid the testimony by video link of a fact witness in a criminal trial to be held in Scotland.

C.      Appointment of a Person as Commissioner to Collect Evidence

        1.      Statutory Authorization.

Section 3512 (b) provides that a federal judge may "issue an order appointing a person to direct the taking of testimony or statements or of the production of documents or other things, or both." The statute further authorizes the person appointed to issue orders requiring the appearance of a person, or the production of documents or other things, or both; administer any necessary oath; and take testimony or statements and receive documents or other things. Commensurate with past practice under 28 U.S.C. § 1782, it is anticipated that a federal court would appoint an Attorney for the Government, typically a federal prosecutor, as "commissioner."

        2.      Procedures for Evidence Collection

Section 3512(a) specifically empowers a federal judge to issue "such orders as may be necessary" to execute the request. This authorization encompasses orders specifying the procedures to be used to collect particular evidence, including procedures requested by the foreign authority to facilitate its later use of the evidence. Nothing in Section 3512 suggests any

limitation on a court's power to exercise "complete discretion in prescribing the procedure to be followed" as was available under 28 U.S.C. § 1782.  *In re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 693 (D.C. Cir. 1989), citing 1964 U.S.C.C.A.N. at 3789.   *White v. National Football League, et. al.*, 41 F.3d 402, 409 (8th Cir. 1994), *cert. denied*, 515 U.S. 1137 (1995) (a court may issue whatever process it deems necessary to facilitate disposition of a matter before it); Fed. R. Crim. P. 57(b).

      a.      Procedures Authorized by Other Statutes.

In addition, Section 3512 references specific U.S. laws for obtaining certain evidence and, by doing so, adopts any statutorily mandated procedures in relation to obtaining orders for search warrants; orders for contents of stored wire or electronic communications or for records related thereto; and orders for a pen register or a trap and trace device.

      b.      Orders by the Person Appointed; Commissioner Subpoenas

Section 3512 authorizes the "person" appointed (here and in past practice under 28 U.S.C. § 1782, the "commissioner") to issue orders "requiring the appearance of a person, or the production of documents or other things or both."  A district court has "complete discretion in prescribing the procedure to be followed."

If a federal district court so orders, the commissioner may use the attached form, still entitled "commissioner's subpoena," to obtain the requested evidence.  *In re: Commissioner's Subpoenas*, 325 F.3d 1287, 1291 (2d Cir. 1993) (incorporating in pertinent part a district court's order directing use of commissioner's subpoenas); *United States v. Erato*, 2 F.3d 11, 13-14 (2d Cir. 1993) (same).  This commissioner's subpoena is simply a version of the "order" to be issued by the person appointed by the court under Section 3512 to direct the production of evidence. Section 3512 expressly authorizes the service and enforcement of such orders or commissioner's

6

subpoenas anywhere in the United States (*i.e.,* coextensive with the service of subpoenas in U.S. criminal investigations and prosecutions).

        c.        Notice of Evidence Taking

As an initial matter, this application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters and its prior practice on behalf of foreign authorities under 28 U.S.C. § 1782. *In re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 688 (D.C. Cir. 1989); *In re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976).

Section 3512 authorizes use of compulsory process in the execution of foreign assistance requests comparable or similar to that used in domestic criminal investigations or prosecutions. Because subpoenas utilized in U.S. criminal proceedings (*i.e.*, grand jury and criminal trial subpoenas) are issued without notice to any party other than the recipients (*i.e.*, no notice to targets or defendants), orders and commissioner's subpoenas issued in execution of foreign assistance requests pursuant to Section 3512 likewise should require no notice other than to the recipients. In the absence of a specific request to provide notice, a district court and U.S. authorities can assume that a requesting foreign authority has provided such notice as the foreign law requires, or that foreign law does not require notice and the requesting foreign authority does not consider notice to be necessary or useful. Accordingly, a federal district court should authorize a commissioner to collect the evidence requested without notice to any party other than the recipient of the commissioner's subpoena except to the extent that a request asks for specific notice procedures.

        d.        Right to Financial Privacy Act

The Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., does not apply to

execution of foreign legal assistance requests. *Young v. U.S. Dept. of Justice*, 882 F.2d 633, 639 (2d Cir. 1989), *cert. denied*, 493 U.S. 1072 (1990); *In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti*, 669 F. Supp. 403, 407 (S.D. Fla. 1987); *In re Letters of Request from the Supreme Court of Hong Kong*, 821 F. Supp. 204, 211 (S.D.N.Y. 1993). Consequently, to the extent that execution of a request entails production of bank or financial records, notice provisions of the Act do not apply, and the Commissioner need not give, nor arrange for the custodian of records to give, notice to an account holder.

## Conclusion

The instant request is exactly the type of request contemplated for execution under Section 3512. In its sequential legislative efforts relevant to the provision of assistance to foreign authorities, Congress has intended that the United States set an example to other nations by making judicial assistance generously available. *See, e.g., In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago*, 848 F.2d 1151, 1153-1154 (11th Cir. 1988), *cert. denied*, 488 U.S. 1005 (1989). Section 3512 enables the United States to respond "more quickly . . . to foreign evidence requests. These efforts will assist [the United States] with [its] investigations as foreign authorities will be urged to respond in kind to our evidence requests in a speedy manner." 155 CONG. REC. H10,093 (2009) (Statement of Rep. Schiff).

While the fact witness Mr. Nick Tuma has indicated that he is willing to testify voluntarily in this criminal trial, a Commissioner subpoena is nonetheless needed to ensure his attendance and for U.S. Attorney's Office victim-witness staff to aid his attendance and travel expenses. Mr. Tuma resides approximately 100 miles from the expected place of video testimony at the U.S. Attorney's Office in Marquette, Michigan.

Accordingly, to execute this Request and in the interests of comity, the Government

moves this Court to issue the attached order pursuant to 18 U.S.C. § 3512 appointing the undersigned Assistant U.S. Attorney as commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, to obtain the evidence requested, and to adopt such procedures in receipt of the evidence as are consistent with the intended use thereof.

                                Respectfully submitted,

                                ANDREW BYERLY BIRGE
                                United States Attorney

Dated: March 20, 2020         /s/ Clay M. West
                                CLAY M. WEST
                                Assistant United States Attorney
                                P.O. Box 208
                                Grand Rapids, MI 49501-0208
                                (616) 456-2404